UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                :

JACOB BARTON,                            :

                                  :

                    Plaintiff,           :

                                  :            23-cv-08536 (LJL)

       -v-                            :

                                  :     MEMORANDUM AND

BO ZHANG, HARVES BRIDGE LLC, BEIJING     :              ORDER
SHENGPURUISI INTERNATIONAL SPORTS CO.,   :
LTD.,                                  :

                                  :

                Defendants.         :

                                  :
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/08/2024

LEWIS J. LIMAN, United States District Judge:

      Petitioner Jacob Barton ("Petitioner") moves, pursuant to Federal Rule of Civil

Procedure 4(f)(3), for an Order permitting him to effect service on respondent Bo Zhang ("Mr.

Zhang") by alternative means of electronic mail.  Dkt. No. 13.  This action relates to a $5.7

million arbitral award granted in favor of Barton against Mr. Zhang, Harves Bridge LLC

("Harves Bridge"), and Beijing Shengpuruisi International Sports Co., Ltd. ("Beijing

Shengpuruisi" and, with Mr. Zhang and Harves Bridge, "Respondents").  The motion is granted.

      Petitioner previously filed two applications seeking authorization to serve all three

Respondents electronically, Dkt. Nos. 5, 9, which were denied without prejudice, Dkt. Nos. 8,

12.  Petitioner contends that Mr. Zhang and Beijing Shengpuruisi are Chinese-based respondents,

while Harves Bridge is a Delaware limited liability company.  Dkt. No. 1 ¶¶ 12-14.  Mr. Zhang is

the Chairman and Chief Executive Officer of Harves.  *Id.* ¶ 14.  Federal Rule of Civil Procedure

4(f) sets forth three methods pursuant to which an individual may be served outside of the United

States.  The Rule states:

SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY.  Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> >
> > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> >
> > (C) unless prohibited by the foreign country's law, by:
> >
> > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > >
> > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

"Service pursuant to subsection (3) is 'neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant.'" *Prediction Co. LLC v. Rajgarhia*, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010) (quoting *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)); *see F.T.C. v. Pecon Software Ltd.*, 2013 WL 4016272 at *3 (S.D.N.Y. Aug. 7, 2013).  "Under Federal Rule of Civil Procedure 4(f)(3), 'a Court may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process.'" *Pecon Software Ltd.*, 2013 WL

4016272 at *3 (quoting *S.E.C. v. Anticevic*, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009)).

Although the United States and China are signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Convention" or "Convention"), and "compliance with the Convention is mandatory in all cases to which it applies," "[t]he Hague Convention does not apply 'where the address of the person to be served with the document is not known.'" *Smart Study Co. v. Acuteye-US*, 2022 WL 2872297, at *4 (S.D.N.Y. July 21, 2022) (quoting *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018)); *see S.E.C. v. Lines*, 2009 WL 3179503, at *3 (S.D.N.Y. Oct. 2, 2009) ("As Article I of the Hague Convention quite understandably recognizes, it shall not apply where the address of the person to be served with the document is not known." (quoting Convention Done at the Hague art. 1, November 15 1965, 20 U.S.T. 361, T.I.A.S. No. 6638)). "Courts in this Circuit have found an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Shen*, 2018 WL 4757939, at *4 (citing cases); s*ee Kelly Toys Holdings, LLC. v. Top Dep't Store*, 2022 WL 3701216, at *6 (S.D.N.Y. Aug. 26, 2022) (same).

On his renewed application to serve the arbitral award by electronic mail, Petitioner has demonstrated reasonable diligence to discover the physical addresses of Mr. Zhang. Petitioner avers that he does not have knowledge of a physical home or business address for Mr. Zhang. Dkt No. 15 ¶ 9. During the arbitral proceedings, Petitioner requested Mr. Zhang's residential address in accordance with Rule 26 of the American Arbitration Association ("AAA") Commercial Rules. *Id.* ¶ 10.[1]  Harves Bridge is a Delaware LLC with a last known business

---

[1] Rule 26 permits a person to participate in an arbitration either *pro se* or with representation but

address at 2550 M. Street, NW, 2nd Floor, Washington DC 20027, which is the business address

of Mr. Zhang's former law firm.  Dkt. No. 1 ¶ 14; Dkt. No. 15 ¶ 12.  The same address for

Harves Bridge is listed on Mr. Zhang's LinkedIn profile.  Dkt. No. 1 ¶ 14.  When Petitioner

attempted to effect service on Mr. Zhang at that location, a lawyer from the firm indicated that

the firm did not represent any of the Respondents, and was not authorized to accept service on

behalf of any of the Respondents.  Dkt. No. 14 at 4.  In a further effort to locate Mr. Zhang,

Petitioner hired the largest law firm in China.  Dkt. No. 14 at 5.  The law firm, Dacheng, was

able to discern that Beijing Shengpuruisi had changed its name to Beijing Huarui Light-Year

Cultural Development Co., Ltd. ("Beijing Huarui").  *Id.*; Dkt. No. 15-6.  Dacheng was not,

however, able to identify a home address for Mr. Zhang.  Dkt. No. 14 at 5–6; Dkt. No. 15-6.

Representatives of Dacheng attempted to visit the address listed for Beijing Huarui, but there

was no receptionist, and they were unable to speak with anyone at the address.  Dkt. No. 14 at 6;

Dkt. No. 15-6.  Finally, Petitioner attempted to locate Mr. Zhang through the websites known to

be associated with Harves Bridge, but neither website is functional.  Dkt. No. 14 at 4; Dkt. No.

15 ¶ 14.  These efforts were no less rigorous than those which have been found sufficient by

other courts in this District and elsewhere.  *See, e.g.*, *Kelly Toy Holdings*, 2022 WL 3701216,

at *7 (describing efforts that have been found to constitute reasonable diligence).  Accordingly,

the Court finds that the Hague Convention does not apply.

 Petitioner has also shown that the proposed method of service also is sufficient to satisfy

constitutional due process under *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306

(1950).  The Court concludes that electronic mail is the means of service "reasonably calculated,

---

requires a party intended to be represented to provide the other party and the AAA with the name, telephone number and address, and email address if available, of the representative.  AAA Rule R-26.

under all circumstances, to [best] apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314. Electronic mail is the only means of contact through which Petitioner has been able to reach Mr. Zhang. Dkt. No. 14 at 9. Mr. Zhang sent an email during the arbitration proceedings from the email address bo.zhang@harvesgroup.com. *Id.*; Dkt. No. 15-2. Additionally, Petitioner served arbitration papers on Mr. Zhang by electronic mail delivered to that same email address, and Mr. Zhang did not object to service in the arbitration proceeding. Dkt. No. 14 at 9; Dkt. No. 15 ¶ 10.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for an Order authorizing service by electronic mail is GRANTED. Petitioner may effect service of filings in this proceeding electronically on Mr. Zhang by delivery to the email addresses bo.zhang@harves.com and bo.zhang@harvesgroup.com.

The Clerk of Court is respectfully directed to close Dkt. No. 13.


SO ORDERED.

Dated: January 8, 2024
     New York, New York
                                   LEWIS J. LIMAN
                           United States District Judge