UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
JACOB BARTON, :
:
:
Petitioner, :
: 23-cv-8536 (LJL)
-v- :
: ORDER
:
BO ZHANG, HARVES BRIDGE LLC, BEIJING :
SHENGPURUISI INTERNATIONAL SPORTS CO., :
LTD., :
:
Respondents. :
:
---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    Petitioner Jacob Barton ("Petitioner") moves, pursuant to Federal Rule of Civil Procedure 4(f)(3), for an order entering summary judgment against Respondent Bo Zhang ("Zhang"). Dkt. No. 31. The motion—Petitioner's second such motion seeking summary judgment against Zhang, *see* Dkt. No. 22—was filed after the Court held a telephone conference in this matter on March 22, 2024 to discuss (1) the basis for personal jurisdiction over Zhang; (2) whether venue is proper in the Southern District of New York; and (3) the language in the arbitration agreement demonstrating that the dispute fell within the scope of the agreement, *see* Dkt. No. 28. In accordance with the Court's questions, Petitioner filed a renewed petition to confirm the arbitral award, Dkt. No. 30, and the renewed motion for summary judgment, Dkt. No. 31, on April 16, 2024.

    Petitioner now asserts that the Court may exercise personal jurisdiction over Respondent because of a clause in the applicable arbitration agreement between the parties which states that "judgment on the award rendered by the arbitrator(s) may be entered in any court having

jurisdiction thereof." Dkt. No. 33 at 14 (quoting Dkt. No. 32-3 at 47). According to Petitioner, this clause means that Zhang "irrevocably and unequivocally consented to personal jurisdiction in any court with subject matter jurisdiction to enter the arbitral award." *Id.* at 15. But, it appears "[t]his case is . . . akin to *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221 (2d Cir. 2014), in which the Second Circuit declined to read as a waiver of all objections to personal jurisdiction 'a standard entry-of-judgment clause,' which stated '[a]ny award of the arbitral tribunal may be enforced by judgment . . . in any court having jurisdiction over the award or over the person or the assets of the owing Party or Parties.'" *Glob. Gaming Philippines, LLC v. Razon*, 2023 WL 5935640, at *7 (S.D.N.Y. Sept. 12, 2023) (quoting *Sonera Holding*, 750 F.3d at 226–27). The court in *Sonera Holding* held that such contractual language "does not speak to personal jurisdiction," and instead, serves to "clarify that, following any arbitration award, a court of the arbitral venue or in any jurisdiction in which the parties' persons or assets are located would have jurisdiction to enter judgment on that award." 750 F.3d at 227. The Court notes that the arbitration here took place in Washington, DC, rather than New York. Dkt. No. 30 ¶ 23.

Petitioner is therefore directed to show cause why the Court should not dismiss the petition for lack of personal jurisdiction over Zhang or any of the other respondents. Petitioner must show cause by letter posted to the docket by May 24, 2024.

SO ORDERED.

Dated: April 23, 2024
       New York, New York

_____
                    LEWIS J. LIMAN
                    United States District Judge