```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
JACOB BARTON,                                                    :
                                                                 :
                                   Petitioner,                   :
                                                                 :         23-cv-08536 (LJL)
               -v-                                               :
                                                                 :         MEMORANDUM AND
BO ZHANG, HARVES BRIDGE LLC, BEIJING                             :              ORDER
SHENGPURUISI INTERNATIONAL SPORTS CO.,                           :
LTD.,                                                            :
                                                                 :
                                   Respondents.                  :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/27/2024

LEWIS J. LIMAN, United States District Judge:

Petitioner Jacob Barton ("Petitioner") moves, pursuant to Federal Rule of Civil Procedure 56, for summary judgment confirming an arbitral award entered in his favor and against respondent Bo Zhang ("Zhang"). Dkt. No. 31.

## BACKGROUND

The following facts, which are undisputed, are drawn from Petitioner's statement of material facts submitted pursuant to the Southern District's Local Civil Rule 56.1. Dkt. No. 32.[1]

---

[1] Local Rule 56.1(b) requires the party opposing the motion to "include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Local Civ. R. 56.1(b). Local Rule 56.1(c) provides further that "[e]ach numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Local Civ. R. 56.1(c); *see also T.Y. v. New York City Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible."); *Johnson v. IAC/Interactive Corp.*, 2 F. Supp. 3d 504, 507 (S.D.N.Y. 2014) ("If the opposing party [] fails to controvert a fact set forth in the movant's Rule 56.1 statement, that fact will be deemed admitted pursuant to the local rule.").

Petitioner is the founder and Principal of an entity called Local Projects. *Id.* ¶ 1. Zhang is the founder of Harves Bridge. *Id.* Petitioner and Zhang are parties to an agreement dated October 20, 2020, to form a company called DreamCube Innovations LLC ("DreamCube Innovations"), the purpose of which was to design and build interactive sports gaming centers for the Chinese market. *Id.* After Petitioner and Local Projects spent significant amounts of time and money on the project, Zhang and the companies that he controlled failed to make approximately $4.5 million in contractually-owed payments to Petitioner and Local Projects. *Id.*

On June 23, 2022, Petitioner and Local Projects initiated an arbitration against all of the respondents in this proceeding: Zhang and two of his companies, Harves Bridge LLC ("Harves Bridge") and Beijing Shengpuruisi International Sports Co., Ltd. ("Beijng Shengpruisi" and, together with Zhang and Harves Bridge, "Respondents"). *Id.* Petitioner and Local Projects invoked two contracts, each of which contained arbitration provisions. *Id.* First, Petitioner invoked the arbitration provision contained within DreamCube Innovations's Limited Liability Company Agreement, to which Petitioner, Local Projects, and Harves Bridge are parties. *See* Dkt. No. 32-3. Section 13.13 of that agreement provides in pertinent part: "Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules." *Id.* § 3.13. Second, Petitioner invoked the arbitration provision

---

Because Zhang has failed to file a Rule 56.1 statement, the Court deems the properly supported facts in Petitioner's Rule 56.1 Statement admitted. *See Dung Nguyen v. Morrison Healthcare*, 412 F. Supp. 3d 196, 198 n.1 (E.D.N.Y. 2018) ("[T]he facts in Defendant's Rule 56.1 Statement are deemed admitted because Plaintiffs failed to file a timely Rule 56.1 Statement in opposition."); *Sam Jin World Trading, Inc. v. M/V Cap San Nicolas*, 2010 WL 2670847, at *2 (S.D.N.Y. July 2, 2010) ("Because Plaintiff has failed to submit a response to [defendant's] Rule 56.1 Statement, the Court concludes that the facts asserted in [defendant's] statement are uncontested and admissible.").

contained within the Inaugural Gaming Bay Supply and License Agreement, to which DreamCube Innovations and Beijing Shengpuruisi are parties. *See* Dkt. No. 32-4. Section 11.2 of that agreement states:

> Except as otherwise provided or permitted in this Agreement, if after applying the procedures set forth in Section 11.1 the Parties have not resolved the Dispute, then either Party may submit such Dispute for final settlement to the American Arbitration Association ('AAA') for arbitration as the sole and exclusive means, under and in accordance with the United Nations Commission on International Trade Law ('UNCITRAL') Arbitration Rules in force at the time of the relevant Dispute.

*Id.* § 11.2.

On September 19, 2023, following an evidentiary hearing before an arbitral panel that Respondents were given notice of but did not attend, the arbitral panel issued a 27-page award (the "Award") in favor of Petitioner and Local Projects in the amount of $5,679,845.91, including pre-award interest running from May 18, 2021, as well as attorneys' fees and expenses. Dkt. No. 32 ¶ 5; s*ee also* Dkt. No. 32-1. The Award was issued jointly and severally against all three Respondents. Dkt. No. 32 ¶ 5.

## PROCEDURAL HISTORY

Petitioner initiated this action by submitting a petition for an order confirming the Award on September 28, 2023 (the "Petition"). Dkt. No. 3.[2] After two unsuccessful motions to serve Respondents by electronic mail, *see* Dkt. No. 8; Dkt. No. 12, on January 8, 2024, the Court granted Petitioner's motion for an order, pursuant to Federal Rule of Civil Procedure 4(f)(3), permitting him to effect service on Zhang by alternative means of electronic mail, *see* Dkt. No. 16. The Clerk of Court issued electronic summons as to Zhang and Harves Bridge on January 9, 2024, Dkt. Nos. 19–20, and, on January 18, 2024, Petitioner filed an Affidavit of Service,

---

[2] Petitioner attempted to file his petition on September 27, 2023, but it was rejected for a filing error. Dkt. No. 1.

3

Case 1:23-cv-08536-LJL   Document 41   Filed 06/27/24   Page 4 of 12

attesting that service of the Petition and summons and related papers had been made on Zhang on January 9, 2024.  Dkt. No. 21.

On February 6, 2024, Petitioner filed his first motion for summary judgment—seeking entry of judgment against only Zhang—along with a memorandum of law in support of the motion and a Rule 56.1 statement.  Dkt. Nos. 22–24.  Petitioner filed an Affidavit of Service attesting that service of the moving papers had been made on Zhang that same day.  Dkt. No. 25.  Zhang did not respond to the motion.  On March 6, 2024, Petitioner filed a reply memorandum of law in further support of his motion and an Affidavit of Service attesting service of the memorandum on Zhang.  Dkt. Nos. 26, 27.

On March 22, 2024, the Court held a conference on the motion for summary judgment, at which counsel for Petitioner was present.  *See* Minute Entry, March 22, 2024.  Respondents did not appear at the conference.  At the conference, and in response to various inquiries by the Court, Petitioner indicated that it would file a renewed motion for summary judgment containing additional support for its motion.

Accordingly, on April 16, 2024, Petitioner filed the instant motion for summary judgment—again seeking entry of judgment against only Zhang—along with a Rule 56.1 statement and memorandum of law in support of the motion.  Dkt. Nos. 31–33.  The same day, Petitioner filed an Affidavit of Service attesting that service of the moving papers had been made on Zhang.  Dkt. No. 34.  On April 23, 2024, the Court issued an order to show cause that Petitioner demonstrate that the Court had personal jurisdiction over Zhang.  Dkt. No. 38.  Petitioner responded on May 24, 2024.  Dkt. No. 39.

## DISCUSSION

The Second Circuit has instructed that when a party has submitted an uncontested petition to confirm an arbitral award, the court should treat the petition and accompanying

4

materials "as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006).[3] The court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks omitted). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary material is presented." *Id.* The burden on the petition to confirm an arbitral award is not onerous. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)). The Court has examined the Petition and the supporting materials, including the Award, and treats them as an unopposed motion for summary judgment.

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331(a) and 9 U.S.C. § 203. Although review of domestic awards requires an "independent jurisdictional basis" apart from the Federal Arbitration Act ("FAA"), *see Badgerow v. Walters*, 596 U.S. 1, 8 (2022), confirmation or vacatur of nondomestic or international awards under the New York Convention does not, *see F. Hoffmann-La Roche Ltd. v. Qiagen Gaithersburg, Inc.*, 730 F. Supp. 2d 318, 324 (S.D.N.Y. 2010). The FAA, which is applicable because the arbitration here was conducted in the United States, *see Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 589 (2d Cir. 2016), expressly provides federal courts with subject matter jurisdiction over an "action

---

[3] In this instance, Petitioner has in fact filed a motion for summary judgment. The standard by which the Court analyzes the Petition and the unopposed motion for summary judgment are the same.

5

or proceeding falling under the [New York] Convention," 9 U.S.C. § 203.  The New York Convention applies to arbitral awards relating to commercial matters where either (1) at least one party is not a citizen of the United States; or (2) all parties are United States citizens but there is some reasonable relationship with one of more foreign states.  9 U.S.C. § 202; *see Dumitru v. Princess Cruise Lines, Ltd.*, 732 F. Supp. 2d 328, 335 (S.D.N.Y. 2010).  Neither Zhang nor Beijing Shengpuruisi are citizens of the United States.  Dkt. No. 3 ¶¶ 12, 14.  Zhang is a citizen of China.  *Id.* ¶ 14.  The Award concerns a commercial matter.  *Id.* ¶¶ 5, 8.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a "substantial part of the events . . . giving rise to the claim" occurred in this District.

The Court also has personal jurisdiction over Zhang.  "A federal court applies the forum state's personal jurisdiction rules when subject matter jurisdiction is based on federal law . . . ."  *Global Gaming Phillipines, LLC v. Razon*, 2023 WL 5935640, at *2 (S.D.N.Y. Sept. 12, 2023).  Under New York law, the Court has personal jurisdiction over Zhang if either (1) Zhang is subject to general jurisdiction in New York pursuant to N.Y. C.P.L.R. § 301, or (2) is subject to specific jurisdiction under N.Y. C.P.L.R. § 302, and if the assertion of personal jurisdiction comports with the Due Process Clause of the United States Constitution.  *See Sonera Holding B.V. v. Cukourova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014); *Global Gaming Phillipines*, 2023 WL 5935640, at *3.  Petitioner asserts that the Court has specific jurisdiction over Zhang under N.Y. C.P.L.R. § 302(a)(1).  Section 302(a)(1) confers personal jurisdiction over a non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state," "[a]s to a cause of action arising" from the transaction of such business.  N.Y. C.P.L.R. § 302(a).  To establish jurisdiction under N.Y. C.P.L.R. § 302(a)(1), "two requirements must be met: (1) The defendant must have transacted business within the state; and

6

(2) the claim asserted must arise from that business activity." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013)); *Fischbarg v. Doucet*, 880 N.E.2d 22, 26 (N.Y. 2007) ("[J]urisdiction is proper even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." (internal citation and quotation marks omitted)). The first element—that the defendant must have transacted business within the state—is satisfied if the defendant "purposefully avails itself of the privilege of conducting activities within [New York]," and thereby invokes the benefits and privileges of New York law such that it should reasonably expect to defend its actions here. *Ehrenfeld v. Bin Mahfouz*, 9 N.Y.3d 501, 508 (2007) (quoting *McKee Elec. Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 382 (1967)); *see Licci v. Lebanese Canadian Bank*, 673 F.3d 50, 61 (2d Cir. 2012). "As for the second part of the test,"—that the claim asserted must arise from that business activity—"[a] suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (internal quotation marks omitted).

   Petitioner has established that the Court has personal jurisdiction over Zhang under New York law. Petitioner has submitted an affidavit and evidence that establishes that Zhang transacted business in New York. *See* Dkt. No. 39. The dispute arises from a contractual relationship between Petitioner, a New York resident, and the limited liability company of which he is the founder, which is also a New York entity, and Respondents who are Chinese entities and individuals. *Id.* at 2. The contractual relationship, which was formed as a result of visits by

7

Zhang's agents to New York and as a result of negotiations that were conducted in New York, required Petitioner to deliver services and conduct business in New York. *See id.*; Dkt. No. 39-1 at 1–2; Dkt. No. 39-3 at ECF pp. 31–33, 35–36. For example, the business arrangement contemplated that a prototype would be developed and tested in New York. Dkt. No. 39 at 2. Zhang conducted numerous communications with Petitioner while Petitioner was in New York. *Id.* at 3. The parties agreed that New York law governed all substantive issues in the arbitration. Dkt. No. 39-1 at 3 n.2. The underlying agreement therefore had a center of gravity in New York, New York. *See DirecTV Latin Am.*, *LLC v. Park 610, LLC*, 691 F. Supp. 2d 405, 420 (S.D.N.Y. 2010); *see also DF Ventures, LLC v. Aaron & Gianna, PLC*, 2024 WL 916343, at *7 (S.D.N.Y. Mar. 4, 2024) ("[T]he emails and calls were in service of what was contemplated to be an ongoing relationship between Defendants, pursuant to which Defendants provided services to Plaintiff in New York."). Petitioner's claim, which turns on breach of those contractual obligations, has a substantial relationship to New York, satisfying the "arising under" prong. *DF Ventures*, 2024 WL 916343, at *8.

Based on a review of the materials submitted by Petitioner and the applicable law, the Court concludes that "there is no genuine dispute as to any material fact" and that Petitioner is entitled to confirmation of the Award. Fed. R. Civ. P. 56(a). An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110. Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vt. Teddy Bear*, 373 F.3d at 246 (internal quotation marks omitted) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)). The review of an arbitration award is "very limited . . . in order to avoid

8

undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993). Accordingly, a court must confirm an arbitral award falling under the New York Convention "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in said Convention." 9 U.S.C. § 207.

Under the New York Convention, "recognition and enforcement of the award may be refused" only if the party against whom the award is invoked "furnishes . . . proof" that: (1) the parties to the arbitration agreement were "under some incapacity" or the agreement "is not valid" under the law designated by the parties, or, in the event they have not designated any, the law of the country where the award was made; (2) "the party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case;" (3) "[t]he award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration," although any "part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced;" (4) "[t]he composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place;" or (5) "[t]he award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made." New York Convention, Art. V. Additionally, "[r]ecognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that" (6) "[t]he subject matter of the difference is not capable of settlement by arbitration under the

9

law of that country" or (7) "[t]he recognition or enforcement of the award would be contrary to the public policy of that country."  *Id.*; *see Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 2024 WL 1724592, at *17 (S.D.N.Y. Apr. 19, 2024).  Under the FAA, an arbitral award may be vacated:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; and
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them so that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Because the arbitration agreement is broad, the dispute and the resulting Award fall within the scope of the agreement.  *See Alghanim v. Alghanim*, 828 F. Supp. 2d 636, 652 (S.D.N.Y. 2011) ("An arbitration clause covering '[a]ny claim or controversy arising out of or relating to th[e] agreement,' is 'the paradigm of a broad clause.'" (quoting *Collins & Aikman Prods. Co. v. Building Sys., Inc.*, 58 F.3d 16, 20)); *see also Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 35–36 (2d Cir. 2002); *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 845 (2d Cir. 1987).[4]  Additionally, the Court has identified no grounds upon which it could refuse to confirm or vacate any part of the Award.

---

[4] Although Zhang is not a signatory, in his individual capacity, to the DreamCube Innovations Limited Liability Company Agreement or the Inaugural Gaming Bay Supply and License Agreement, and initially moved to dismiss the claim against him on that basis, Dkt. No. 39-1 at 5, that motion was denied by the arbitral panel, *id.* at 6.  Zhang did not thereafter object to the panel's assertion of jurisdiction over him.

Petitioner also requests pre- and post-judgment interest at a rate of nine percent per annum. The Award granted Petitioner interest "at the New York statutory rate of 9% simple interest," to "continue to run until such time as payment is made." Dkt. No. 3-1 at 23. The Court therefore finds that Petitioner is entitled to prejudgment interest from the time of the award to the date of the judgment confirming the award, *see 1199SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park*, 2022 WL 1080707, at *5 (S.D.N.Y. Apr. 11, 2022) ("The common practice among courts within the Second Circuit is to grant interest . . . from the time of the award to the date of the judgment confirming the award." (quoting *N.Y.C. Dist. Council of Carpenters v. Gen-Cap Indus., Inc.*, 2012 WL 2958265, at *4 (S.D.N.Y. July 20, 2012))), and to post-judgment interest at a rate of nine percent per annum, *see Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.").

## CONCLUSION

For the foregoing reasons, Petitioner's motion for summary judgment is GRANTED. The Clerk of Court is directed to enter judgment in favor of Petitioner and against Zhang as follows:

    (i)      Confirming the Award in all respects;

    (ii)     Awarding Petitioner $5,679,845.91, plus prejudgment interest from September 19, 2023 to the date of judgment, at a rate of 9.0% per annum; and

    (iii)    Awarding Petitioner post-judgment interest at a rate of 9.0% per annum.

The Clerk of Court is respectfully directed to close Dkt. No. 31.

SO ORDERED.

Dated: June 27, 2024
       New York, New York

                                               LEWIS J. LIMAN
                                              United States District Judge